IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joe Nichol, | ) | |
| | ) | C.A. No. 6:12-3541-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| DePuy Spine, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on sua sponte review to determine if the requirements of subject matter jurisdiction have been satisfied. Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The Defendant removed this action alleging that the requirements for diversity jurisdiction have been satisfied under 28 U.S.C. § 1332. However, after review of the complaint, the amount in controversy does not satisfy the jurisdictional amount of more than $75,000.00.

"In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal." Chavis v. Fid. Warranty Servs., Inc., 415 F. Supp. 2d 620, 626 (D.S.C. 2006). "[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). "It is well established that 'the plaintiff is the master of his

complaint.'" Chavis, 415 F. Supp. 2d at 627 (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)).  "As a general rule, the sum claimed by a plaintiff in his complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction."  Jones v. Allstate Ins. Co., 258 F. Supp. 2d 424, 427 (D.S.C. 2003) (citing St. Paul Mercury Indem., 303 U.S. at 294 (1938)).  Rule 8(a)(3) of the South Carolina Rules of Civil Procedure provides that "a party may plead that the total amount in controversy shall not exceed a stated sum which shall limit the claim for all purposes."  S.C. R. Civ. Pro. 8(a)(3).  The complaint specifically provides that "[t]he sums in controversy are less than $75,000 and shall not exceed $74,999."  (Compl. ¶ 27, ECF No. 1-1.)

Based on the foregoing, the Plaintiff's complaint plainly provides a specific limitation on damages and the amount in controversy is less than $75,000.00.  The court declines "to adopt an approach under which the court undertakes its own independent review of the amount in controversy despite a specific limitation on damages in the plaintiff's complaint."  Jones, 258 F. Supp. 2d at 427 n. 2.  Therefore, the requirements for diversity jurisdiction have not been met.  Because the court is without subject matter jurisdiction, the court remands the case to the state court.

It is therefore

**ORDERED** that this matter is remanded to the Court of Common Pleas of Greenville County, South Carolina.  The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina.  Furthermore, the Plaintiff is barred from recovering a total amount of damages exceeding seventy-four thousand nine hundred ninety-nine dollars ($74,999.00), exclusive of interest and costs, for any claims.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 18, 2012